1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF CALIFORNIA

9    CARLTON BASHFORD,              )    1:06-cv-01897-OWW-TAG HC
                                    )
10                  Petitioner,     )    ORDER REQUIRING RESPONDENT TO
                                    )    SUBMIT BRIEF ADDRESSING
11        v.                        )    JURISDICTIONAL ISSUE
                                    )
12   D. SMITH, Warden,              )    ORDER REQUIRING RESPONDENT TO
                                    )    SUBMIT NOTICE OF APPEARANCE
13                  Respondent.     )
                                    )    ORDER DIRECTING CLERK OF COURT
14   _____)   TO SERVE DOCUMENTS

15
          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus
16
     pursuant to 28 U.S.C. § 2241.
17
          Writ of habeas corpus relief extends to a person in custody under the authority of the United
18
     States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or
19
     constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C.
20
     § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must
21
     bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Capaldi v. Pontesso,
22
     135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994);
23
     Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991);  United States v. Jalili, 925 F.2d
24
     889, 893-894 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d476, 478-479 (3d Cir. 1991);  United
25
     States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987);  Brown v. United States, 610 F.2d 672,
26
     677 (9th Cir. 1980).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241
27
     must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.
28

1    In this case, Petitioner contends that he is actually innocent of violating 18 U.S.C.

2 § 924(c)(1), based on the intervening United States Supreme Court's decision in Bailey v. United

3 States, 516 U.S. 137, 116 S.Ct. 501 (1995), which narrowly construed the term "uses" in § 924(c)(1)

4 as active use, not mere possession.  (Doc. 1, p. 3).  Further, Petitioner contends that a motion for

5 reconsideration under 28 U.S.C. § 2255 is inadequate and ineffective since his § 2255 motion has

6 already been denied in the sentencing court as untimely and since the Antiterrorism and Effective

7 Death Penalty Act does not provide an exception under § 2255 that is applicable under these

8 circumstances.  (Id.).  Accordingly, Petitioner contends that the only legal avenue available to him is

9 via the "savings" clause of § 2255, permitting the filing of a habeas corpus petition pursuant to §

10 2241 to challenge the conviction or sentence.  (Id.).

11    Based on the Court's preliminary screening of the petition, it appears that Petitioner *may* be

12 correct in asserting that § 2255 is inadequate and ineffective, and thus § 2241 *may* be the appropriate

13 legal avenue for Petitioner to proceed under these circumstances.  Conley v. Crabtree, 14 F.Supp.2d

14 1203 (D. Or. 1998); see Davis v. Crabtree, 10 F.Supp.2d 1136 (1998); Triestman v. United States,

15 124 F.3d 361 (2d Cir. 1997).  Should that be the case, the Court would then have to decide whether

16 to transfer the case to the sentencing court—in this case, the United States District Court for the

17 Eastern District of Virginia—to consider the merits of the § 2241 petition.  Conley, 14 F.Supp. at

18 1207-1208.  In the briefing ordered below, Respondent is requested to address these issues to assist

19 the Court in determining whether it has jurisdiction to proceed to consider Petitioner's claims under

20 § 2241.

21                              **ORDERS**

22    Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court

23 HEREBY ORDERS:

24 ///

25

26    [1]The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those
27 brought under § 2254 at the Court's discretion.  See, Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2)
provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such
28 proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions."
Fed. R. Civ. P 81(a)(2).

1.   Respondent SHALL FILE a Brief addressing the jurisdictional issues raised in this order within (45) days of the date of service of this order. Respondent shall include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in this order.   Rule 5 of the Rules Governing Section 2254 Cases. The Court recognizes that Counsel on behalf of the Government and/or the Institution[2] may wish to respond on separate issues raised in the Petition.  However, the Court will accept only one (1) "Brief."  Such Brief SHALL CONTAIN all arguments with respect to all of the jurisdictional issues raised in this order, whether formulated by Counsel for the Government or the Institution.  In the Brief, Respondent should specifically address the Court's jurisdictional concerns regarding whether § 2255 is inadequate and ineffective such that Petitioner should be allowed to proceed under § 2241, and whether the Court should transfer the case to the Eastern District of Virginia court for a decision on the merits of the habeas petition.

2.   Respondent SHALL FILE a Notice of Appearance within **TWENTY (20)** days of the date of service of this Order.  The Notice SHALL indicate the name of the individual(s) who will be representing the Government and/or the Institution.  The Notice is necessary to ensure that the appropriate counsel for Respondent is being served by the Court.  The submission of the Notice of Appearance will terminate Court service on those listed in paragraph 4.

3.   Petitioner may file a Reply brief **within twenty (20)** days from the date Respondent's Brief is filed.

4.   The Clerk of the Court SHALL serve a copy of this Order along with a copy of the Petition and all exhibits on the Office of the United States Attorney for the Eastern District of California, an agent for the appropriate Correctional Institution if applicable, and the United States Bureau of Prisons.

---

[2]Counsel for the "Institution" means private Counsel representing contracted facilities such as Taft Correctional Institution, (Wackenhut Corrections Corporation), or California City Correctional Center (Corrections Corporation of America).

1
2
3

   All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

4
5

IT IS SO ORDERED.

6

Dated:  __December 6, 2007__ _____                    _____/s/ Theresa A. Goldner_____
                                                                        UNITED STATES MAGISTRATE JUDGE

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28