UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLTON BASHFORD, | ) | 1:06-CV-01897 OWW JMD HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS PURSUANT TO 28 |
| | ) | U.S.C. § 2241 |
| D. SMITH, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**

Petitioner was convicted in 1991 for possession of cocaine with intent to distribute (21 U.S.C. § 841(a)(1)), possession of a firearm (18 U.S.C. § 922(g)(1)), and use of a firearm in relation to a drug trafficking offense (18 U.S.C. § 924(c)(1)). United States v. Bashford, 1994 WL 22465 (4th Cir. 1994)(per curiam).

Petitioner appealed his conviction to the Fourth Circuit, objecting to admission of his co-defendants' testimony as violating the Federal Rules of Evidence. Id. at *1-2. Petitioner further objected to the trial court's reliance on said testimony during sentencing and denial of his motion for a new trial. Id. The Fourth Circuit affirmed Petitioner's conviction in a decision issued on January 28, 1994. Id. at *3.

On May 12, 1999, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction for the firearm use. Petitioner's 1999 motion was based on the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). Petitioner contended that the Bailey court's interpretation of 18 U.S.C. § 924(c)(1) precluded his conviction as the Court adopted a narrow

1  construction of the term "uses" that required active employment of the firearm.  (Pet. at 4).  The
2  petition was denied as untimely.

3      Petitioner filed a second unrelated motion under 28 U.S.C. § 2255, claiming a violation his
4  rights under Apprendi v. New Jersey, 530 U.S. 466 (2000).  (Answer at 2; Pet. at 4).  This petition
5  was denied on August 27, 2001.  (Pet. at 4).

6      On December 29, 2006, Petitioner filed the instant petition for writ of habeas corpus
7  challenging his conviction and sentence for the use of a firearm in a drug transaction.  Petitioner
8  seeks to challenge his federal conviction via the savings clause set forth in 28 U.S.C. § 2255, which
9  permits the filing of a habeas corpus petition pursuant to 28 U.S.C. § 2241 to challenge a conviction
10 or sentence.  Petitioner contends that a motion under 28 U.S.C. § 2255 is inadequate and ineffective
11 since his § 2255 motion has already been denied in the sentencing court as untimely and the
12 Antiterrorism and Effective Death Penalty Act does not provide an applicable exception under §
13 2255.  Additionally, Petitioner alleges that he is actually innocent of violating 18 U.S.C. § 924(c)(1),
14 based on the intervening Supreme Court decision in Bailey.  Accordingly, Petitioner contends that
15 the only legal avenue available to him is the "savings" clause of § 2255.

16     Following a preliminary review of the petition, on December 7, 2007, the Court tentatively
17 found it had subject matter jurisdiction over the petition as it appeared the § 2241 petition could
18 possibly qualify under the savings clause of § 2255.  Respondent was directed to file an answer to
19 the petition, and the Court directed the parties to brief the issue of subject matter jurisdiction.

20     Respondent filed a response to the petition on January 29, 2008, in which Respondent
21 contested this Court's jurisdiction over the subject matter in the petition.

22     On February 28, 2008, Petitioner filed a reply to Respondent's response.

23 **JURISDICTION**

24     A federal prisoner who wishes to challenge the validity or constitutionality of his conviction
25 or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28
26 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988);  Thompson v. Smith, 719
27 F.2d 938, 940 (8th Cir. 1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v.
28 Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, *only the sentencing court has*

*jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; *see also* United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980). In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. A petition challenging the validity of a sentence is still a § 2255 petition regardless of what labels the Petitioner places on the petition. *See* Brown, 610 F.2d at 677.

In rare situations, however, a federal prisoner may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Petitioner bears the burden of establishing that the remedy was inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). The Ninth Circuit has recognized that this exception is a very narrow one. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (holding a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (holding a petitioner's fears of bias or unequal treatment does not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956). In Ivy, the Ninth Circuit held that § 2241 relief is available pursuant to the "escape hatch" in § 2255 if the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60 (citing Lorentsen

v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (internal citations omitted)); Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).  A prisoner who successfully meets the requirements for the escape hatch of § 2255 may challenge the legality of a sentence through a § 2241 petition in the custodial court.  Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008)(citing Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000)).

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousley v. United States, 523 U.S. 614, 623 (1998)(internal quotation marks omitted); *see also* Lorentsen, 223 F.3d at 954 (quoting this passage from Bousley); Stephens, 464 F.3d at 898-899 (stating that applicable standard in this circuit is the one articulated by the Supreme Court in Bousley).  Petitioner bears the burden of proving, by a preponderance of the evidence, not merely that the evidence against him was weak but that it was so deficient that no reasonable juror would have convicted him.  Lorensten, 223 F.3d at 954 (citing Dejan v. United States, 208 F.3d 682, 686 (8th Cir. 2000).  To determine whether a petitioner had an unobstructed procedural shot, the dispositive inquiry is whether petitioner's claim "did not become available" until after a federal court decision.  Harrison, 519 F.3d at 960 (citing Stephens, 464 F.3d at 898).  This requires a consideration of whether the legal basis for petitioner's claim "did not arise until after he had exhausted his direct appeal and first § 2255 motion" and whether the law changed "in any way relevant" to petitioner's claim after that first § 2255 motion. Harrison, 519 F.3d at 960 (citing Ivy, 328 F.3d at 1060-61).

Petitioner asserts that he never received an unobstructed procedural shot at collateral review of his Bailey claim as the Supreme Court's holding in Bousley, decided in 1998, first permitted post Bailey collateral relief.  (Pet. M & A at 5).  Respondent contends that Petitioner had an unobstructed procedural shot as a Bailey claim was available to Petitioner prior to the Supreme Court's decision in 1995.  Respondent further notes that Petitioner filed a § 2255 motion in 1999.  Assuming *arguendo* that Petitioner is able to establish that he meets the actual innocence prong of this test, the Court finds that Petitioner has failed to show he never had an unobstructed procedural shot at pursuing his Bailey claim in a § 2255 motion.

Motions under § 2255 must be filed within one year of either:

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).  Petitioner appealed his conviction to the Fourth Circuit, which rendered a decision in Petitioner's case on January 28, 1994.  Bashford, 1994 WL 22465, *cert. denied* 513 U.S. 976 (1994).  Respondent is correct in asserting that Petitioner's conviction became final when the Supreme Court declined to review the case on October 31, 1994.  *See* Clay v. United States, 537 U.S. 522, 527-530 (2003)(holding that for the purpose of one year statute of limitations contained in 28 U.S.C. § 2255, a judgement of conviction is final when the Supreme Court affirms a conviction on the merits on direct review, denies a petition for writ of certiorari, or when the time for filing a petition for certiorari expires).  Thus, Petitioner had one year from when his conviction became final (until October 31, 1995)to file a timely § 2255 motion under the statute of limitations contained in subsection(1).

The Supreme Court's decision in Bailey, upon which Petitioner's claim rests, was issued on December 6, 1995.  While the Bousley court did state that "the Federal Reporters were replete with cases involving challenges to the notion that 'use' is synonymous with mere 'possession,'" the Fourth Circuit's governing precedent foreclosed a challenge on such grounds prior to Bailey. Bousley, 523 U.S. at 622-623; *see* Untied States v. Hillary, 106 F.3d 1170, 1170 (4th Cir. 1997) (acknowledging that the Bailey decision overruled their Circuit precedents); United States v. Hawthorne, 94 F.3d 118, 120 (4th Cir. 1996)(vacating previously upheld convictions of violating 18 U.S.C. § 924(c)(1), pursuant to the Supreme Court decision in Bailey).  Thus, contrary to Respondent's implicit assertion otherwise, Petitioner's circumstance is distinct from cases where there existed Circuit precedent that would have permitted Petitioner to challenge his conviction even prior to the Supreme Court decision in Bailey.  *See, e.g.,* Wofford v. Scott, 177F.3d 1236, 1244 (11th

Cir. 1999) (holding that since § 2241 was unavailable for claim that was not "squarely foreclosed" by circuit law at the time of the direct appeal of § 2255).  Measuring the statute of limitations from the date contained in subsection(1), Petitioner's Bailey claim would have been futile as his one year had lapsed prior to the Supreme Court's decision and the governing Circuit precedent foreclosed this avenue of relief.  *See* In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998); Triestman v. United States, 124 F .3d 361, 363, 378-80 (2d Cir.1997); Dorsainvil, 119 F.3d at 251.

      In Davenport, the Seventh Circuit stated that the petitioner met the requirement of having never possessed an unobstructed procedural shot at challenging the legality of his conviction for using a firearm in connection with a drug offense on the ground that "use" does not include merely possessing.  In re Davenport, 147 F.3d at 610.  In discussing whether Petitioner could have pursued this claim, the Davenport court noted that the law of the circuit was firmly against Petitioner and thus it would have been futile prior to Bailey for petitioner to have filed a 2255 motion on that claim.  Id.  The court noted that the petitioner could not have use his first § 2255 motion to obtain relief on a basis not yet established by law and he could not use a second or successive motion to obtain relief as he did not meet the requirements for a second or successive motion.  Id.  Thus, the Davenport court concluded that the petitioner in that case met the requirements as a § 2255 "can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."  Id. at 611 (emphasis in original).  Similarly, the Ninth Circuit in Stephens v. Herrera found that a petitioner did not have an unobstructed procedural shot where his claim arose from a Supreme Court case decided well after the petitioner had filed his first § 2255 motion.  Stephens, 464 F.3d at 898; *see also* Ivy, 328 F.3d at 1060(citing with approval the Second Circuit opinion in Triestman as an example of when the a petitioner never had a procedural shot as Petitioner had raised his § 2255 motion prior to Bailey and did not meet the requirements for bringing a second or successive petition); Abdullah v. Hedrick, 392 F.3d 957, 960 (8th Cir. 2004); Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

      However, Petitioner's case presents a distinct factual scenario from those cases approvingly

cited by the Ninth Circuit in Ivy.  Unlike the case in Triestman, Petitioner had not filed a first § 2255 motion prior to Bailey.  In Triestman, the petitioner would have had to meet to the stringent requirements of bringing a second or successive § 2255 motion in order to pursue his Bailey claim as he had previously filed a first § 2255 motion.  Triestman, 124 F.3d at 369; *see* Ivy, 328 F.3d at 1060 (stating that, "[i]t is not enough that the petition is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise it by motion" in citing to Triestman as an example of such a circumstance).  To find a second or successive claim, the petitioner in Triestman would have been required to seek certification from the appropriate appellate court that his new § 2255 motion contained either newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2).  As the Bailey rule was not a new rule of constitutional law, the Triestman court noted that the petitioner presented a case of never having a procedural shot of pursuing his Bailey claim as the requirements for filing a second or successive § 2255 motion did not encompass his situation.  Triestman, 124 F.3d at 376-77. As Petitioner in this case never brought a § 2255 claim prior to the Supreme Court decision in Bailey, his § 2255 motion would not have been subject to the stringent requirement of a second or successive motion and he could have availed himself to the statute of limitations contained in 28 U.S.C. § 2255(f)(3).  28 U.S.C § 2255(f)(3) provides an additional year to file a 2255 motion from when a right asserted was initially recognized by the Supreme Court.[1]  Consequently, Petitioner had until December 6, 1996 to file his § 2255 motion challenging his conviction under Bailey.  The documents submitted to this court evidences that Petitioner did not file a § 2255 motion until May 1999, well after Bailey had been decided.

Petitioner's assertion that he could not file a § 2255 motion prior to the Supreme Court's adjudication of Bousley is erroneous.  While the Supreme Court decision in Bousley resolved a

---

[1] The Supreme Court has recently recognized that the one year permitted under subsection(3) begins to run from the case initially recognizing the right asserted and not the case recognizing its retroactive applicability.  *See* Dodd v. United States, 545 U.S. 353 (2003).

Circuit split on the issue of whether <u>Bailey</u> was available for collateral review, Petitioner cannot claim futility prior to <u>Bousley</u> as the Fourth Circuit precedents had not foreclosed such a claim.  *See* <u>United States v. Harris</u>, 183 F.3d 313, 317 (4th Cir. 1999)(stating the Fourth Circuit *had yet to decide* whether <u>Bailey</u> could be applied to case on collateral review prior to <u>Bousley</u>).  Petitioner was not foreclosed by Circuit precedent and could have sought relief under § 2255 within one year after the issuance of <u>Bailey</u>.  Petitioner has failed to show that he meets the requirement of never possessing an unobstructed procedural shot at pursuing his <u>Bailey</u> claim under § 2255.  Consequently, § 2255 was not an inadequate or ineffective remedy such that Petitioner may now proceed by way of § 2241.

Even if Petitioner had shown that he met both prongs of the escape hatch under § 2255, the Court questions the legal implications of granting this § 2241 petition considering the lengthy delay in filing the claim and Petitioner's failure to pursue his rights in a reasonable time period.  Petitioner filed this claim seven years after the sentencing court denied his § 2255 motion based on <u>Bailey</u>.  While there exists no statute of limitations under § 2241, permitting Petitioner to pursue a § 2255 motion under the savings clause fifteen years after his original conviction would undermine the goal of finality advanced by ADEPA.  *See* <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (discussing the federal interest in finality with respect to the one year statute of limitations under § 2255).  The savings clause is a narrow escape hatch and permitting a Petitioner, who has by no definition exercised diligence in waiting seven year to finally pursue his remedy under the savings clause, would unfairly broaden it.  Furthermore, had Petitioner shown that he met the savings clause test, the seven year wait to file his § 2241 claim might invoke the equitable doctrine of laches, which applied to pre-ADEPA habeas cases when no statute of limitations existed.  As Petitioner has failed to establish that he meets both prongs of the test necessary to utilize the escape hatch of § 2255, the Court lacks subject matter jurisdiction over the instant petition.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)©. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 18, 2008**            /s/ John M. Dixon
                                         UNITED STATES MAGISTRATE JUDGE