# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON BASHFORD, | 1:06-CV-01897 OWW JMD HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO AMEND JUDGMENT [Doc. 30] |
| v. | |
| D. SMITH, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner was convicted in 1991 for several crimes, including use of a firearm in relation to a drug trafficking offense (18 U.S.C. § 924(c)(1)). United States v. Bashford, 1994 WL 22465 (4th Cir. 1994)(per curiam). On May 12, 1999, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction for the firearm use. Petitioner filed a second unrelated motion under 28 U.S.C. § 2255.

On December 29, 2006, Petitioner filed the instant petition for writ of habeas corpus challenging his conviction and sentence for the use of a firearm in a drug transaction. Petitioner seeks to challenge his federal conviction via the savings clause set forth in 28 U.S.C. § 2255, which permits the filing of a habeas corpus petition pursuant to 28 U.S.C. § 2241 to challenge a conviction or sentence.

On November 11, 2008, the Magistrate Judge issued a Findings and Recommendation, recommending that the petitioner be dismissed for lack of jurisdiction. On December 24, 2008, the Court adopted the Magistrate Judge's Findings and dismissed the petition.

On February 2, 2009, Petitioner filed a notice of appeal with the Court, upon which the Court

notified Petitioner that a Certificate of Appealability was required to proceed before the Ninth Circuit.  On February 6, 2009, the Court declined to issue a Certificate of Appealability finding that no issues warranted one.  On February 25, 2009, Petitioner filed a motion to alter or amend the judgment under Federal Rules of Civil Procedure Rule 59(e), contending that a Certificate of Appealability is not required in his case.

The Court initially notes that Petitioner's motion is untimely as it was required to have been "filed no later than 10 days after the entry of the judgement." Fed.R.Civ.P. 59(e).  Even construing, pursuant to the mailbox rule, Petitioner's motion to have been filed the date it is signed, Petitioner's motion was filed over 10 days after the entry of the judgment denying the Certificate of Appealability.  Regardless, the Court finds that Petitioner's motion, even if timely, lacks merit.

Under 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is not generally required for an appeal of a district court order denying a habeas petition under section 2241.  Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir. 1997).  However, as recognized in *Forde*, § 2253 requires a Certificate of Appealability to proceed with an appeal of a § 2241 habeas petition for "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "the final order in a proceeding under section 2255." Id. (quoting 28 U.S.C. § 2253(c)(1)).  Consequently, a petitioner attacking his conviction and sentence may not seek habeas relief under section 2241 in the Ninth Circuit without a Certificate of Appealability.  Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001).

Thus, the Court reject's Petitioner contention that a Certificate of Appealability is not required in his case.  The petition submitted to this Court attacks Petition's sentence and conviction.  Petitioner filed two previous section 2255 petitions.  The instant petition is a successive section 2255 petition disguised as a section 2241 petition.  Accordingly, the Court DENIES Petitioner's motion to amend or alter the February 6, 2009, order denying the Certificate of Appealability.

IT IS SO ORDERED.

**Dated:     March 4, 2009**                    /s/ Oliver W. Wanger
                                                UNITED STATES DISTRICT JUDGE